**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JACKIE CUNNINGHAM-BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.  22-CV-4308** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **MICHELE BAUMAN, individually and** | ) | |
| **in her official capacity as AVON** | ) | |
| **TOWNSHIP SUPERVISOR, and AVON** | ) | |
| **TOWNSHIP, an Illinois Township,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff, Jackie Cunningham-Bailey, by her attorneys, Keith L. Hunt and Delaney A. Hunt of Hunt Law, P.C., and complains against Defendants Michele Bauman, individually and in her capacity as Avon Township Supervisor, and Avon Township, as follows:

**I.
NATURE OF THE ACTION**

1.     Plaintiff Jackie Cunningham-Bailey ("Cunningham") brings First and Fourteenth Amendment claims based on Defendants' retaliatory discharge because Plaintiff exercised free speech and political association.  Plaintiff brings federal claims under 42 U.S.C. § 1983, the First and Fourteenth Amendments. Plaintiff seeks monetary damages, declaratory judgment, and permanent injunctive relief to prevent Defendants' from continuing to deprive Plaintiff of her rights under the United States Constitution.

## II.
## THE PARTIES

2.     The Plaintiff Jackie Cunningham-Bailey ("Cunningham") is a resident of Round Lake Beach, Lake County, Illinois and resides within this judicial district.

3.     Defendant Avon Township ("Avon") is an Illinois township corporation organized under the Illinois Township Code.

4.     Avon Township is located in Lake County, Illinois and therefore resides within this judicial district.

5.     Defendant, Michele Bauman ("Bauman"), is a resident of Grayslake, Lake County, Illinois and resides within this judicial district.

## III.
## JURISDICTION AND VENUE

6.     This Court has federal question jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343.

7.     Declaratory and injunctive relief is authorized pursuant to 28 U.S.C. § 2201 and § 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure.

8.     Venue is proper in the Northern District of Illinois as all parties reside within the district and all of the relevant actions occurred within this district.

9.     This Court has jurisdiction over the parties and the subject matter.

## IV.
## FACTS

*Plaintiff's Position*

10.     Avon Township employed Plaintiff from June 2017 to July 20, 2021, most recently as a full-time Case Manager.

11.     At all times, Plaintiff performed her job duties with skill, competence and professionalism.

12.     As a "Case Manager," Plaintiff was not a "policymaker."

13.     As a Case Manager, Plaintiff did not make or set policy for the township.

14.     As a Case Manager, Plaintiff did not advise elected officials on policy.

15.     As a Case Manager, Plaintiff did not supervise any other employees.

16.     As Case Manager, Plaintiff did not have the authority to hire or fire other employees.

17.     As Case Manager, Plaintiff did not have the authority to set policy for the township.

18.     As Case Manager, Plaintiff did not have the authority make decisions binding the township.

19.     Plaintiff did not exercise policymaking discretion in the performance of her position as a Case Manager.

20.     Political affiliation or support is not an appropriate prerequisite for the effective performance of the Case Manager position which Plaintiff held and from which she was terminated.

*The Tumultuous Historical Political Climate in Avon Township*

21.     There is a history of political retaliation in Avon Township.

22.     In *Roth v. Yingling, et al.*, case no.: 10-CV-64 (N.D. Ill) four employees filed a political retaliation lawsuit against then-Supervisor Yingling, then-Assessor Carus and Avon Township.

23.     The *Roth v. Yingling* suit settled for $450,000 and was widely publicized in the Avon Township community.

24.     In *McCarragher v. Ditton, et al.*, case no. 14-CV-8591, a township assessor's office employee sued the Assessor and the township for First Amendment political retaliation for unlawfully terminating that plaintiff's employment in retaliation for her refusal to support the assessor's candidacy for reelection, instead giving preferential treatment to his political supporters.

25.     The township settled the *McCarragher* lawsuit in December 2017, while Bauman was serving as a township trustee.

26.     In 2019, Avon Township's former bookkeeper sued the township and its former supervisor for unlawfully terminating the bookkeeper in retaliation for his political support for the supervisor's opponent in the 2017 election, in a case called *McArtin v. Wilke,* case no. 19-CV-3742 (N.D. Ill.).

27.     The township settled the *McArtin* lawsuit while Bauman was Supervisor.

28.     On information and belief, the Avon Township Board discussed the allegations in both the *McCarragher* and *McArtin* lawsuits while Bauman was present.

*Bauman Elected as Township Trustee in 2017*

29.     Michelle Bauman was elected as an Avon Township Trustee in 2017.

30.     Former Township Supervisor Terry Wilke was elected in 2017.

4

31.     In 2017, Bauman and Wilke ran for election on the same slate known as "People Over Politics" ("POP").

32.     By virtue of her positions as Township Trustee and Supervisor, as well as her participation in township meetings during which discussions about prior township litigation took place including the McCarragher, *Ditton* and *McArtin* cases and possibly others, Bauman knew it was unlawful to retaliate against an employee for exercising their First Amendment rights of free speech and association.

33.     By virtue of her positions as Township Trustee and Supervisor, as well as her participation in township meetings during which discussions about prior township litigation took place including the *McCarragher*, *Ditton* and *McArtin* cases and possibly others, Bauman knew it was unlawful to terminate an employee because they supported Bauman's opponent (Wilke) and/or opposed Bauman's candidacy.

34.     Between 2017 and 2021, Bauman became increasingly hostile toward Wilke.

35.     Between 2017 and 2021, Bauman became increasingly hostile toward Wilke's supporters, including Plaintiff.

### *The 2021 Township Election*

36.     By late 2020, Bauman was aware that Wilke was running for re-election as Township Supervisor.

37.     By late 2020, Bauman announced her intention to run for Avon Township Supervisor.

38.     In late 2020, or early 2021, Bauman challenged, or caused to be challenged, the signatures on Wilke's nominating petition for the 2021 township election

in an attempt to remove Wilke as a candidate for township supervisor from the April 2021 ballot.

39.     Bauman was unsuccessful in her attempt to remove Wilke from the April 2021 ballot.

40.     On information and belief, Bauman also filed, or caused to be filed, one or more ethics complaints, or other complaints with Lake County, the Lake County State's Attorney's Office (LCSAO) and/or the Illinois Attorney General.

41.     In the April 2021 election, Bauman ran with a slate of candidates known as "Avon Focused" ("AVF").

42.     In the Aril 2021 election, Bauman ran on her AVF slate with Kristal Larson who was elected as Town Clerk.

43.     In the April 2021 election, Wilke ran with a slate of candidates known as "Avon Community Engaged" ("ACE").

44.     The April 2021 election in Avon Township was hard fought and particularly bitter.

45.     During the 2021 election campaign, Bauman put out negative campaign messages, ads and/or literature critical of Wilke, his service to the community and assailing his character.

46.     Plaintiff was a political supporter of Wilke, his goals and agenda.

47.     By late 2020 or early 2021, Bauman was aware that Cunningham (and her husband) supported Wilke for re-election as Township Supervisor.

48.    In approximately January, 2021, and with knowledge that Plaintiff was supporting Wilke's candidacy, Bauman attempted to persuade the Board that Plaintiff should be fired during an Executive Session meeting of the Town Board.

49.    Bauman had no legitimate reason or cause to seek Plaintiff's dismissal in January 2021.

50.    Bauman's January 2021 attempt to have Plaintiff terminated was motivated by political purposes.

51.    During the January 2021 Executive Session, Wilke stood up for Plaintiff and argued against her termination, urging other township trustees to oppose Bauman's attempt.

52.    Bauman ultimately failed in her attempt to terminate Plaintiff's employment at the January 2021 Executive Session meeting of the Township Board.

53.    As Township Supervisor, Bauman is a policymaker.

54.    Under the Illinois township law, only the township board has the legal authority to terminate township employees.

55.    Under Illinois township law, the township supervisor lacked the legal authority to terminate Plaintiff's employment.

56.    Bauman ran on the "Avon Focus" slate in the 2021 election with political allies Kristal Larson (Clerk), Chris Ditton (Assessor), Michael Dobrow (Trustee), Jeanne Kearby (Trustee), Jeff Loffredo (Trustee) and Rudy Repa (Trustee).

57.    Terry Wilke ("Wilke") served as the Avon Township Supervisor from 2017 through April 2021.

58.    Bauman defeated Terry Wilke in the April 2021 election.

7

59.     Bauman was elected Avon Township Supervisor in April 2021 and took office May 15, 2021.

*Plaintiff's Speech & Political Activities*

60.     Bauman perceived and/or believed Plaintiff and her husband supported Wilke.

61.     Cunningham supported Wilke in the 2021 election.

62.     Cunningham's husband went door-to-door to promote Wilke in the 2021 election.

63.     Cunningham's husband put up campaign signs for Wilke.

64.     Cunningham and her husband promoted or "talked up" Wilke in the community to promote his candidacy for Supervisor.

65.     Bauman unlawfully terminated Cunningham on July 20, 2021 because of her political support of Terry Wilke and opposition of Michele Bauman.

66.     Bauman knew that it was illegal for an elected official to terminate non-policymaking local government personnel from their employment based on their political affiliation.

*Plaintiff's Termination*

67.     Bauman, with the assistance of Township attorney Megan Mack, prepared a multipage letter setting for reasons for Plaintiff's termination.

68.     The reasons stated in Bauman's multipage letter were not true.

69.     Megan Mack, attorney at Ancel Glink, terminated Jackie Cunningham-Bailey on July 20, 2021.

70.     After Cunningham's wrongful termination, Cunningham requested a copy of her personnel file on several occasions.

71.     Bauman, as Supervisor, and Kristal Larson, as Clerk, repeatedly refused to produce Cunningham's personnel file despite Cunningham's repeated requests in an effort to further conceal their unlawful activities.

## COUNT I
## FIRST AMENDMENT RETALIATION CLAIM
(Against Bauman and Avon Township)

72.     Plaintiff alleges, adopts and incorporates by reference the allegations contained in paragraphs 1 through 71 as and for this paragraph.

73.     At all times, Plaintiff had a Constitutional Right under the First Amendment of the United States Constitution to freedom of speech and freedom of association.

74.     Plaintiff's First Amendment Rights of free speech and free association are enforceable through 42 U.S.C. § 1983.

75.     In 2020 and 2021, Plaintiff exercised her right to free speech by publicly speaking to others in the community in support of then-Supervisor Wilke's re-election campaign and by publicly speaking to others in the community in opposition to Bauman's election campaign.

76.     Bauman terminated Plaintiff because Plaintiff and her husband supported Wilke and opposed Bauman in the 2021 election.

77.     Avon Township has a historical custom, policy or practice of terminating employees who politically oppose those holding or who successfully seek public office.

78.     Bauman did not terminate employees who supported her election campaign.

79.     Bauman did not terminate employees who opposed Wilke's election campaign.

80.     Bauman is personally involved in the wrongful conduct about which Plaintiff complains.

81.     Bauman acted without the lawful authority to terminate Plaintiff.

82.     The Illinois Township Code vests in the town board the right to hire and fire employees.

83.     The Illinois Township Code does not expressly grant to a township supervisor the right to fire township employees.

84.     Bauman terminated Plaintiff without notice or prior consent from the Board of Trustees.

85.     Bauman exceeded the bounds of her lawful authority when Bauman terminated Plaintiff's employment.

86.     Bauman acted under color of law and used and/or misused her authority and official position as Avon Township Supervisor.

87.     Bauman acted intentionally and with a deliberate or reckless disregard for the Plaintiff's constitutionally protected rights of free speech, free expression and free association.

88.     Bauman did not seek the approval of the Town Board prior to terminating Plaintiff.

89.     On or about August 10, 2021, Bauman advised the Town Board in an executive Session that she had terminated Plaintiff's employment several weeks earlier.

90.     Township Attorney Megan Mack was present at the August 10, 2021 Executive Session.

91.     Defendants violated Plaintiff's constitutionally guaranteed rights of free speech and free association causing Plaintiff's injuries and damages.

92.     Avon Township and Bauman retaliated against Plaintiff for exercising her First Amendment rights of free speech, expression and association.

93.     Plaintiff has suffered substantial losses by being terminated, including losing her salary and benefits.

94.     Avon Township and Bauman violated Plaintiff's constitutionally protected rights of free speech, free expression and free association guaranteed by the First and Fourteenth Amendments to the United States Constitution causing her injuries and losses.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff request that this Court:

A.     Enter a declaratory judgment that defendants' acts and conduct are in violation of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution;

B.     Permanently enjoin defendants, and all those acting in concert or participation with them from continuing to violate Plaintiff's rights under the First and Fourteenth Amendments,

C. Order Defendants:

1) to reinstate Plaintiff to her position as a Case Manager;

2) to restore Plaintiff's seniority, full salary and benefits;

3) to allow Plaintiff to be fairly considered for better positions for which she is qualified; and

D.     Order Bauman to operate the Supervisor's office and make personnel decisions without regard to whether employees or job applicants politically supported the Supervisor;

C.     Award Plaintiff her lost past and future wages and benefits;

D.     Award Plaintiff front pay, if appropriate;

E.     Award Plaintiff appropriate compensatory damages;

E.     Award Plaintiff punitive damages (against Bauman only);

G.     Award Plaintiff prejudgment interest;

H.     Award Plaintiff reasonable attorneys' fees and costs of litigation; and

I.     Grant such other relief as is just and necessary.

## **PLAINTIFF DEMANDS A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable in the matter.

Respectfully submitted,
Hunt Law, P.C.

/s/ *Keith L.  Hunt (Electronically Filed)*
An Attorney for Plaintiff

Keith L. Hunt
Delaney A. Hunt

HUNT LAW PC
2275 Half Day Road
Suite 126
Bannockburn, IL 60015
(312) 558-1300